IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND ORTIZ,
    Plaintiff,

v.                                        No. 18-CV-28 JB-LF

WARDEN ROBERTA LUCERO-ORTEGA of the
Western New Mexico Correctional Facility,
DEPUTY WARDEN PETE PEREZ of the Western
New Mexico Correctional Facility,
CORRECTIONS OFFICER JASON BACA of the
Western New Mexico Correctional Facility,
CORRECTIONS OFFICER GARY TRUJILLO of
the Western New Mexico Correctional Facility,
STIU OFFICER D. NUNEZ of the New Mexico
Corrections Department, STIU OFFICER CARLOS
GONZALES of the New Mexico Corrections
Department, CORRECTIONS OFFICER JOHN
BEARDEN, SR. of the Western New Mexico
Correctional Facility, JANE DOES 1-10, and JOHN
DOES 1-10, Corrections Officers, employees,
and/or administrators of the Western New Mexico
Correctional Facility.
    Defendants.

## RESPONSE TO MOTION TO INTERVENE

      COMES NOW, Plaintiff, by and through his attorney, ELIAS BARELA, ATTORNEY AT LAW, LLC (Elias Barela, Esq.), and for his *Response to Motion to Intervene* states the Court should deny the motion as untimely, the State's interest as a practical matter will not be impaired or impeded, and the State's interests can be adequately protected through its attorney who represents other State Defendants:

      1.    The State of New Mexico Risk Management Department contends that it may intervene in the matter as of right, under Civ. R. Fed. P 24(a)(2), which provides a framework for intervention in federal civil matters. The Rule provides an applicant may intervene as of right if:

(1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]"; and (4) "the applicant's interest is [not] adequately represented by existing parties." *Id*.

2. The State has an interest in the proceedings based on its statutory obligations under New Mexico law to:

   a. procure insurance or, alternatively, to provide coverage for any risk not insured. NMSA 1978, § 15-7-2(B)
   b. to compromise, adjust, settle and pay claims. NMSA 1978, §15-7-3(A)(4)
   c. provide a defense and to pay a settlement or final judgment if it is ultimately determined that the public employee committed a covered tort or violated a person's constitutional right while acting within the scope of his duty. NMSA 1978, § 41-4-4(B).

However, the State's intervention is premature, therefore not timely, until such a time that a court determines if at all, that no duty outlined above exists to Bearden. It is not appropriate for the State to intervene in this case, at this time because New Mexico law contemplates situations where the governmental entity would have a right to recover amounts expended in both defense and payment of settlement or judgment against a Defendant (Bearden) directly at the conclusion of the case. NMSA 1978, §41-4-4(E).

3. Thus, the State's interest will not be impaired or impeded in the pending action and their interest will not be inadequately represented as many state actors, represented by the same attorney seeking intervention are Defendants in the case. The State has a method to protect its interest and recoup expenses if there is ultimately a determination that Bearden, while acting within the scope of his duty, acted fraudulently or with actual malice. § 41-4-4(E).

4. With regard to the assertion that Bearden's actions "arguably were outside of the course and scope of his employment and outside of his duties", the State postures in this manner

because there is no plausible doubt that John Bearden was acting in the scope and course of his employment when he gained access to Plaintiff as a prisoner in the New Mexico correction department. A final factor affecting fairness in the case that the Court should consider before ruling on the State's motion is the unnecessary and additional expenses that will be imposed upon Plaintiff in having these issues litigated in this matter when the law clearly does not support the State's underlying purpose of intervention: to prove Bearden was not acting in the scope and course of his employment.

5. As well settled in the law, Bearden's conduct was within the scope and course of his duties as a public employee because there is no other way he would have gained access to the inmate without his authority as a public employee acting under the color of state law. Unlike other cases where "an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state." *Beedle v. Wilson*, 422 F.3d 1059, 1074 (10th Cir. 2005)(quoting *Jojola v. Chavez*, 55 F.3d at 493). Here, there is a real nexus "between the employee's use or misuse of their authority as a public employee, and the violation allegedly committed by the defendant." *Jojola v. Chavez*, 55 F.3d at 493.

6. The Tenth Circuit has stated that whether there is a real nexus in a particular case depends on the circumstances of the case:

> The under color of law determination rarely depends on a single, easily identifiable fact, such as the officer"s attire, the location of the act, or whether or not the officer acts in accordance with his or her duty. Instead one must examine "the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties."

*David v. City & Cnty. of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1996) (internal citations omitted) (quoting *Martinez v. Colon*, 54 F.3d 980, 986 (1st. Cir. 1995)).

7.      New Mexico case law on scope of duties governing this case provides: a government employee acts within his scope of duties if the employee demonstrates a connection between the acts in question at the time of the incident and duties that the employee is requested, required, or authorized to perform regardless of tortious or criminal intent. *See RMD v. McBrayer*, 14 P.3d 43, 48 (N.M. Ct. App. 2000). In *RMD v. McBrayer*, the Court of Appeals of New Mexico reversed and remanded a district court's summary judgment order in favor of the Risk Management Division because the court interpreted "scope of duty" broadly to include criminal acts. *Id*. Similarly, in *Celaya v. Hall*, 2004-NMSC-005 the New Mexico Supreme Court interpreted the term "scope of duty" broadly: "the TCA clearly contemplates including employees who abuse their officially authorized duties, even to the extent of some tortious and criminal activity." 2004-NMSC-005, ¶25, 85 P.3d 239, 245 (N.M. 2004); see e.g., *Seeds v. Lucero*, 113 P.3d 859, 862-63 (N.M. Ct. App. 2005) (maliciously abusing authorized duties did not remove the alleged acts from the defendants' scope of duty).

8.      In *RMD v. McBrayer*, a teaching assistant at New Mexico State University violently sexually assaulted and tortured his student after luring her back to his apartment under the pretenses of handing her an assignment. The court ruled that "the scope of duty centers on what NMSU requested, required or authorized as it related either generally or specifically to [the professor's] duty as an instructor to help a student obtain her homework assignments." *Id*. at 49. The court found that a reasonable finder of fact could find that the professor used an authorized duty as a subterfuge to accomplish the assault. *Id.* at 48. Also, in *Griffin v. City of Opa-Locka*, 261 F.3d at 1304-05 the United States Court of Appeals for the Eleventh Circuit held that a city manager was acting under color of state law when he raped a woman that worked for the city and for him. 261 F.3d at 1304-05 (the city manager's improper sexual conduct started while he and

the plaintiff were on the job at the workplace, he used his authority to sexually harass her during and after work hours, held her job and job benefits over her head, and he ultimately used his authority as City Manager and as her boss to create the opportunity to be alone with her and to rape her).

9. Given a prison situation like this one where the only way Bearden gets access to Plaintiff is through his duties as a prison guard, there is no reason for Risk Management to intervene because "only one reasonable conclusion can be drawn from the facts presented." 2004-NMSC-005 at 28. Unlike cases like *Soto v. Galvon*, No. 06-CV-738-WFD/LFG (D.N.M. 2008) cited in Defendant's brief, where it is arguable that a person without state authority or employment could have undertaken the same alleged unconstitutional conduct as that of which the plaintiff complains, the alleged unconstitutional conduct is not under color of state law, *See, e.g., Beedle v. Wilson*, 422 F.3d at 1074-75 (holding that a nurse's aide who sexually assaulted a patient while under heavy sedation was not acting under color of state law, because, as there was no allegation it was the aide who sedated the patient, the sexual assault "conduct [] could have been done by anyone who wandered into [the patient]"s room."); *D.T. ex rel M.T. v. Indep. Sch. Dist. No. 16 of Pawnee Cnty., Okla.*, 894 F.2d 1176, 1182-92 (10th Cir. 1990)(holding that the defendant, who was an elementary school teacher on contract only from August to May, who sexually abused children at a non-school-sponsored summer camp over the summer, did not act under color of state law), here there is no way Bearden could have ever gained access to Plaintiff Ortiz without his state vested authority as a public employee and prison guard.

10. In *Jojola v. Chavez*, the plaintiff was a high school student who alleged that a state employee acting under color of state law sexually assaulted her when, in between classes, the school's janitor led her into a dark, vacant classroom where he sexually abused her. *See* 55

F.3d at 490. But unlike here, the Tenth Circuit held that the plaintiff failed to establish the required nexus between the janitor's use or misuse of authority as a public employee, and the sexual assault, and thus that it was not performed under color of state law, because the assailant did not "enticed [the plaintiff] into the classroom through the use or misuse of any state authority he may have possessed." 55 F.3d at 494.

11.     Here there is no doubt.  Bearden would not have been permitted access to Plaintiff absent the keys to his cell, absent access to the lights, absent access to the facility, which responsibility and powers are only entrusted to prison guards acting under color of law and in the scope and course of their employment.

12.     The State's efforts to show that Bearden was acting outside of the scope and course of his employment will be futile, given the undisputed facts of the case already agreed to by the parties in the Joint Status Report and Provisional Discovery Plan [Doc. 31] stating "Defendant John Bearden was a public employee of the State of New Mexico Department of Corrections… [and] law governing this case is: … the New Mexico Tort Claims Act regarding "scope of duties" and the State's obligation to indemnify the acts of its public employees."

13.     The State Risk Management Division's motion should be denied as premature, therefore untimely because no determination has been made as to a lack of duty or liability for the harm to Plaintiff; because the State's interest as a practical matter will not be impaired or impeded because they cannot as a practical matter overcome the evidence of scope and course under the facts; and because the State's interests can be adequately protected through its attorney who represents the remaining State Defendants.

WHEREFORE, Plaintiff Raymond Ortiz respectfully requests that the Court deny the motion and grant such other and further relief as the Court deems just.

> Respectfully submitted,
> **ELIAS BARELA, ATTORNEY AT LAW, LLC**
>
> <u>/s/ Lauren L. Zabicki</u>
> **ELIAS BARELA**
> **LAUREN L. ZABICKI**
> Attorney for Plaintiff
> 1504 Juan Perea
> Post Office Box 2416
> Los Lunas, New Mexico 87031
> Telephone: (505) 866-1252
> Facsimile: (505) 866-1562

## **CERTIFICATE OF SERVICE**

I certify that I caused copies of this motion to be electronically served on all counsel of record at their respective email addresses as registered on CM/ECF on the date of filing hereof.

> <u>/s/ Lauren L. Zabicki</u>
> **LAUREN L. ZABICKI**