IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHANIE JO FARLEY, as
Personal Representative of the
Estate of RAYMOND ORTIZ,

    Plaintiff,

v.                                                Civ. No. 1:18-cv-00028 MIS/LF

JOHN BEARDEN,
CARLOS GONZALES,
and D. NUNEZ,

    Defendants,

and

STATE OF NEW MEXICO RISK
MANAGEMENT DIVISION,

    Intervenor.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion for Summary Judgment Based on Death of Raymond Ortiz filed by Defendants Carlos Gonzales and D. Nunez. ECF No. 95. Defendant John Bearden joined in the motion. ECF No. 96. Plaintiff filed a response, and Defendants Gonzales and Nunez filed a reply. ECF Nos. 99, 104. The motion is DENIED for the reasons that follow.

## BACKGROUND

Raymond Ortiz filed suit in the First Judicial District Court of New Mexico on October 11, 2017, asserting claims based on his alleged rape by Corrections Officer John Bearden at the Western New Mexico Correctional Facility ("WNMCF"). ECF No. 1-1. The action was removed to federal court on January 10, 2018. ECF No. 1. Mr. Ortiz filed the

Second Amended Complaint on October 31, 2018, alleging federal constitutional claims against several WNMCF staff members pursuant to 42 U.S.C. § 1983. ECF No. 30. Following motions practice, the only remaining claims are against Defendants Bearden, Gonzales, and Nunez.

Notice of Mr. Ortiz's death was filed on July 12, 2021,[1] and his mother, Stephanie Jo Farley, was substituted as Plaintiff. ECF Nos. 80, 83. On February 21, 2022, Defendants filed the instant motion seeking dismissal of the action based on Mr. Ortiz's death. ECF No. 96.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once that threshold is met, the nonmoving party must designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. In applying the summary judgment standard, the court "view[s] the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Parker Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017).

---

[1] Mr. Ortiz died on June 20, 2021. ECF No. 95-3.

## DISCUSSION

**I.     Abatement of Plaintiff's Claims**

The abatement of § 1983 claims is determined with reference to state law, so long as it is "not inconsistent with the Constitution and laws of the United States." *Robertson v. Wegmann*, 436 U.S. 584, 588–89 (1978) (quoting 42 U.S.C. § 1988). Because this action was already pending when Mr. Ortiz died, New Mexico's abatement statute, N.M. Stat. § 37-2-4—rather than its survival statute, N.M. Stat. § 37-2-1—applies. *Padilla v. Estate of Griego*, 830 P.2d 1348, 1351 (N.M. Ct. App. 1992). The statute provides:

> No action pending in any court shall abate by the death of either, or both, the parties thereto, except an action for libel, slander, malicious prosecution, assault or assault and battery, for a nuisance or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant.

N.M. Stat. § 37-2-4.

Pursuant to the plain and literal language of the statute, no pending action of any kind is abated by the death of the plaintiff. *See Pooler v. City of Albuquerque*, 2015 N.M. App. Unpub. LEXIS 313, at *5 (N.M. Ct. App. Jul. 16, 2015) ("The exceptions which follow the broad survivorship provision [of § 37-2-4] apply only if the 'defendant' in the case dies."). Generally, "[i]f the language of the statute is clear and unambiguous, [the court] must give effect to that language and refrain from further statutory interpretation." *State v. Wilson*, 228 F.3d 490, 494 (N.M. 2009) (quotation omitted). The Court finds that the language of § 37-2-4 is clear and unambiguous: no pending actions abate upon the death

3

of either party, except that the enumerated causes of action abate upon the death of the defendant.[2]

Nevertheless, Defendants urge the Court to adopt a non-literal interpretation of the statutory language on the basis that the law is "contradictory, inconsistent, unreasonable, unjust or absurd." ECF No. 95 at 14; *see State ex rel. Helman v. Gallegos*, 871 P.2d 1352, 1354 (N.M. 1994) ("where . . . adherence to the literal use of words would lead to injustice, absurdity or contradiction, the statute will be construed according to its obvious spirit or reason, even though this requires the rejection of words or the substitution of others" (quotation omitted)). Defendants assert there is no "rational distinction" to be made between a deceased plaintiff and a deceased defendant with respect to the claims enumerated in § 37-2-4. *Id*.

The Court finds nothing absurd, unjust, or otherwise unreasonable about the statute as written. The Tenth Circuit has previously enforced another state statute that abated claims upon the death of the defendant, and not the death of the plaintiff. *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (upholding Oklahoma statute, as applicable to § 1983 actions, "abating *only* those libel, slander, or malicious prosecution actions in which *a defendant* dies before a verdict is rendered" (emphasis added)). Nor does the Court find that the plain language of § 37-2-4 conflicts with any apparent intent of the legislature. On the contrary, the legislature's intent to allow pending suits by deceased plaintiffs to continue unabated is abundantly clear. Where the meaning

---

[2] This plain reading of § 37-2-4 accords with the rulings of other courts in this District. *See*, *e.g.*, *Martinez v. Salazar*, Civ. No. 14-cv-0534 KG/WPL, 2016 U.S. Dist. LEXIS 158171, at *10–11 (D.N.M. Nov. 15, 2016) (holding that § 1983 claims equivalent to intentional torts survive the plaintiff's death under § 37-2-4); *Luce v. Curry Cnty. Bd. of Cnty. Comm'rs*, Civ. No. 05-cv-1076 MV/LAM, 2006 U.S. Dist. LEXIS 102286, at *7 (D.N.M. Apr. 19. 2006) (finding the plaintiff's § 1983 claims of excessive force "clearly" did not abate by his death under New Mexico law).

of a statute is "truly clear—not vague, uncertain, ambiguous, or otherwise doubtful," the court must apply the statute as written and may not "second-guess the legislature's selection from among competing policies." *Hellman*, 871 P.2d at 1358. Accordingly, the Court applies the plain language of § 37-2-4 and finds that Mr. Ortiz's claims did not abate at his death.

## II.     Due Process

Defendants argue that even if Plaintiff's claims do not abate under § 37-2-4, continuation of the suit is inconsistent with the Due Process Clause of the United States Constitution. ECF No. 95 at 15–17. They contend that continuation of Plaintiff's suit on behalf of Mr. Ortiz violates principles of fundamental fairness because Defendants cannot "examine Ortiz and explore his multiple contradictions and inconsistencies." *Id*. at 16.

Defendants candidly admit they "have uncovered no case" in which a statute was preempted on similar grounds, *id*., and this Court is aware of none. Their theory has not been recognized in prior cases discussing survivorship and abatement, *see*, *e.g.*, *Robertson*, 436 U.S. at 594, and it is difficult to imagine how such a principle would be applied without erasing virtually every cause of action for wrongful death. In a prior case the Tenth Circuit recognized, though in dicta, that

> New Mexico's abatement statute affords broad protection to pending claims in the event of a party's death and, in fact, would have saved the § 1983 claims in this case had Blouin filed them before he died.

*Oliveros v. Mitchell*, 449 F.3d 1091, 1095 n.1 (10th Cir. 2006) (citing N.M. Stat. § 37-2-4 (1978)). There was no implication that the continuation of the plaintiff's claims would violate fundamental fairness or, indeed, any other constitutional right of the defendants.

5

In the absence of any settled law supporting a civil defendant's constitutional right to examine a plaintiff's decedent on the stand, the Court declines to invalidate the New Mexico statute.

### III. Equal Protection

In their reply brief, though not in their original motion, Defendants assert that the continuation of Plaintiff's suit would likewise violate the Equal Protection Clause. ECF No. 104 at 8. The Court declines to consider this argument as it was raised for the first time in Defendants' reply.[3] *See Beaird v. Seagate Tech.*, 145 F.3d 1159, 1165 (10th Cir. 1998).

### CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment Based on Death of Raymond Ortiz (ECF No. 95) is **DENIED**.

                                                                            _____
                                                                            **MARGARET STRICKLAND**
                                                                            UNITED STATES DISTRICT JUDGE

---

[3] *Beaird* allows the Court, alternatively, to grant Plaintiff the opportunity to file a sur-reply to Defendants' equal protection argument. 145 F.3d at 1165. Any further argument would be futile, however, because Defendants provide no support for their theory in the first instance. There may be a colorable question about the constitutionality of distinguishing between different causes of action for the purpose of survivorship and abatement. *See, e.g.*, *Padilla*, 830 P.2d at 1352 ("[W]hen statutory schemes have permitted the survival of most causes of action for personal injury but have excluded others, appellate courts have found the distinction to be so irrational as to deny equal protection of the law."). However, there is no support for an equal protection argument based on the distinction between plaintiffs and defendants. In addition, the uniform result of the cited line of cases has been to *allow* suits after death, not to prevent them. *See Thompson v. Estate of Petroff*, 319 N.W.2d 400, 407 (Minn. 1982) (striking portion of survival statute that prohibited suit against deceased defendants for negligence, but not for intentional torts); *Moyer v. Phillips*, 341 A.2d 441, 444–45 (Pa. 1975) (striking portion of statute that extinguished only claims for slander and libel on the death of either party). In short, even if the argument had been timely made, there is no support for Defendants' position that § 37-2-4 should be judicially altered to abate § 1983 suits on the plaintiff's death.